### WORKMAN INJURED ON A DEFECTIVE SCAFFOLD.

Circuit Court of Cuyahoga County.

MAT GARRITY V. A. J. FARBER ET AL.

Decided, December 16, 1907.

*Master and Servant—Negligence—Risk Assumed by Workman by Using Defective Materials to Construct Place to Work.*

When a workman had used defective materials in erecting a scaffold and was afterwards injured by its collapse, the fact that he had called the foreman's attention to the defective material and been assured by him that it was all right, does not obviate the workman's assumption of risk.

*E. P. Strong* and *W. E. Gunn*, for plaintiff in error.
*J. H. Sampliner* and *M. J. Farber*, contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This was a personal injury damage case, wherein a verdict for the defendants below was directed on their motion made at the close of the plaintiff's evidence. Judgment having been rendered accordingly, the plaintiff below prosecutes this proceeding in error.

The injury of which he complains was occasioned by the breaking of one of the supports under a low scaffold whereon he was standing. The scaffold consisted of planks laid upon said supports, and the supports consisted of two upright boards or planks connected at the top by a horizontal board or plank. Each support was made fast to one of the several posts in the building where the accident occurred, the upright part resting at the bottom on the floor on either side of the post. One of these upright boards broke because of being cross-grained and very dry. It does not appear that it was rotten in any other sense.

Garrity was told by his foreman to use these supports in erecting the scaffold. When he came to do so the appearance of the supports led him to suspect that they were not strong enough for the purpose, and he complained to his foreman, who assured

him that they were all right and had been used by other workmen. Both Garrity and his foreman were carpenters of many years experience. Close inspection of the upright that broke would have disclosed its condition, and Garrity had the same opportunity to know its condition as his foreman, save that the latter perhaps knew that the boards had been in a dry place where the temperature was 70 degrees.

Upon this state of facts we are asked to hold that the foreman's assurance obviated Garrity's assumption of the risk.

The rule is, of course, that an employe must allege and prove either a promise to repair on which he relied, or else that he had no knowledge of the defect or danger complained of and would not, in the exercise of ordinary care, have discovered the same; and he is conclusively held to appreciate the dangers which may arise from defects of which he has, or in the exercise of due care, would have knowledge. *The Pennsylvania Company* v. *McCurdy*, 66 Ohio State, 118.

On the facts of this case, Garrity's suspicions as to the weakness of the supports having been aroused, it became his duty as an experienced carpenter about to use the same, in constructing a scaffold whereon he was about to work, to scrutinize the same with care. No assurance short of a promise to repair on the part of his foreman, could, in such case, suffice to shift the risk from his shoulders to the shoulders of his employer.

The judgment below is affirmed.